UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Kelly Patterson, | Case No.: 2:23-cv-00539-JAD-DJA |
| Plaintiff | |
| v. | **Order Denying Plaintiff's Motion for Reconsideration** |
| Las Vegas Metropolitan Police Department, et al., | [ECF No. 153] |
| Defendants | |

Plaintiff Kelly Patterson sues the Las Vegas Metropolitan Police Department and officer Salim Salazar after he was arrested for failing to identify himself to Salazar's satisfaction during a traffic stop. Patterson has maintained throughout this lawsuit that Nevada's stop-and-identify statute, NRS 171.123(3), has been definitively interpreted by the Nevada Supreme Court to permit an officer to ask only for a suspect's name, so arresting a suspect for refusing to identify himself through other means like a date of birth or social security number would be a violation of the law. At summary judgment I concluded otherwise, finding that the Nevada and United States Supreme Court's opinions analyzing NRS 171.123(3) did not so limit the statute and that asking for more identifying information so that an officer can find a suspect in Metro's police database does not violate the Fourth Amendment.

Patterson seeks reconsideration of that conclusion. He argues that the Nevada Supreme Court did narrow the scope of NRS 171.123(3) in *Hiibel v. Sixth Judicial District Court*,[1] pointing to statements made in the state's appellate brief and at oral argument before the United States Supreme Court as support. Metro responds that Patterson has not shown that this court committed clear error or that any newly discovered evidence or change in controlling law

---

[1] *Hiibel v. Sixth Jud. Dist. Ct.*, 59 P.3d. 1201 (Nev. 2002).

warrants reconsideration. Because Patterson merely regurgitates his prior arguments and relies on unpersuasive evidence, I deny his motion.

## Discussion

A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient[,]" so long as it still has jurisdiction.[2] This court's local rule 59-1 contemplates reconsideration of an interlocutory order if "(1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) there is an intervening change in controlling law."[3] The rule cautions that "[m]otions for reconsideration are disfavored," and "[a] movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts. A movant who repeats arguments will be subject to appropriate sanctions."[4] "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled,"[5] and it may not be based on arguments or evidence that could have been raised previously.[6]

---

[2] *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quotation and emphasis omitted); *see also Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013); LR 59-1.

[3] L.R. 59-1(a). Patterson moves for reconsideration under this rule. *See* ECF No. 153 at 1.

[4] L.R. 59-1(b). *See also Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). While the Ninth Circuit has not established a standard of review for motions to reconsider interlocutory orders like this one, district courts frequently apply the standard applicable to FRCP 59(e) motions to reconsider final judgments. *See In re Intel Corp. CPU Mktg., Sales Pracs. & Prods. Liab. Litig.*, 614 F. Supp. 3d 783, 788 (D. Or. 2022), aff'd, 2023 WL 7211394 (9th Cir. 2023) (collecting authorities).

[5] *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

[6] *See Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

Patterson contends that this court was "not aware of—or [] overlooked—important facts and law when it held that 'the Nevada Supreme Court didn't definitively interpret NRS 171.123(3) to require only a name."[7]  He points to two documents (the State of Nevada's brief in opposition to the appellant's petition for a writ of certiorari to the United States Supreme Court in *Hiibel*, and a transcript of the oral argument in that case) to show that the State argued in its arguments before the United States Supreme Court that NRS 171.123(3) only requires a name. Patterson's motion is unpersuasive for several reasons.

First, Patterson challenges only one sentence of my order: "the Nevada Supreme Court didn't definitively interpret NRS 171.123(3) to require only a name."[8]  Patterson's reliance on arguments made before the United States Supreme Court have no bearing on whether the Nevada Supreme Court definitively interpreted NRS 171.123(3) in any particular way.  Second, the parties' arguments to the United States Supreme Court do not dictate what that Court actually held, and Patterson does not seek reconsideration of the detailed analysis of the *Hiibel* opinions that supported my conclusion.  Third, whether the Nevada Supreme Court definitively interpreted NRS 171.123(3) to require only a name doesn't have any impact on whether Metro's actions in this case violated the Fourth Amendment because the opinions of state supreme courts are not binding when it comes to issues of federal constitutional law.[9]  Finally, Patterson hasn't

---

[7] ECF No. 153 at 1.

[8] *Id.* at 3.  In his reply, Patterson raises new arguments and a new request to certify the question of NRS 171.123(3)'s scope to the Nevada Supreme Court.  I decline to consider arguments and requests raised for the first time in reply.  *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief." (citing *Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003))).

[9] *Virginia v. Moore*, 553 U.S. 164, 176 (2008) (holding that "while [s]tates are free to regulate . . . arrests however they desire, state restrictions do not alter the Fourth Amendment's protections").

explained—at any point in this action—why the Nevada Supreme Court's interpretation of the law has any bearing on the constitutional questions raised in his complaint. So Patterson's motion and evidence do not show that this court committed clear error when it ruled that NRS 171.123(3) could be interpreted to allow an officer to seek identifying information beyond just a name and that such an interpretation does not necessarily violate the Fourth Amendment.

Patterson's newly presented evidence is also not new—the brief and transcript Patterson relies on were available in 2003 and 2004. Nor does the evidence present any change in controlling law. So because Patterson has not shown that this court committed clear error or that it must consider new or changed law, I deny his motion for reconsideration.

## Conclusion

IT IS THEREFORE ORDERED that Kelly Patterson's motion for reconsideration **[ECF No. 153] is DENIED**.

_____
U.S. District Judge Jennifer A. Dorsey
December 5, 2025